| Case     | 19CV05747 | Caption | OLCOTT vs. QUIKTRIP CORPORATION |
|----------|-----------|---------|---------------------------------|
| Chapter  | 60        | Nature  | OTHER TORT (60)                 |
| Status   | PENDING   | Judge   | JAMES F VANO                    |
| Division | 2         |         |                                 |

[ Search ] [ Case History (ROA) ] [ Plaintiff/Defendant ] [ Court Events ] [ Other Cases ] [ Documents ]

Sort By Ascending Order    Sort by Descending Order    [ Print Friendly ]    [ E-File On Case ]

| Date | Entry | Doc |
|------|-------|-----|
| 11/14/2019 | FILE STAMP 11/13/2019, RETURN OF SERVICE | DOC(3) |
| 10/25/2019 | ELECTRONIC ENTRY OF APPEARANCE BY ISAAC ELYACHARSHUSTER AS A PLAINTIFF ATTORNEY FOR JEANNIE L OLCOTT | |
| 10/25/2019 | ELECTRONIC ENTRY OF APPEARANCE BY JAMES H ENSZ AS A PLAINTIFF ATTORNEY FOR JEANNIE L OLCOTT | |
| 10/25/2019 | PETITION, SUMMONS, INTERROGATORIES AND REQUEST FOR PRODUCTION ISSUED TO THE SHERIFF OF SHAWNEE COUNTY KS "QUIKTRIP CORPORATION" | |
| 10/25/2019 | FILE STAMP 10/25/19 09:22am, REQUEST AND SERVICE INSTRUCTION FORM | DOC(2) |
| 10/25/2019 | FILE STAMP 10/25/19, PETITION FOR PERSONAL JURY ARISING FROM PREMISES CONDITIONS | DOC(1) |
| 10/25/2019 | JUDGE JAMES F VANO ASSIGNED TO CASE | |
| 10/25/2019 | NEW CASE E-FILED; OLCOTT VS QUIKTRIP CORPORATION; FILING FEE $196.50; SHERIFF FEE $15.00; PAID BY NAPOLITANO, CHRISTOPHER M, RECEIPTED AMOUNT $211.50, E-PAYMENT NO: 89314987 | |

**EXHIBIT A**

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DIVISION

| | |
|---|---|
| JEANNINE L. OLCOTT<br>7533 Lowell Avenue<br>Overland Park, Kansas 66204<br><br>   Plaintiff,<br><br>v.<br><br>**QUIKTRIP CORPORATION**<br>An Oklahoma corporation registered in Kansas<br>Serve: The Corporation Company, Inc.<br>   112 SW 7th Street, Suite 3c<br>   Topeka, Kansas 66603<br><br>   Defendant. | Case No. _____<br><br>Div. _____ |

Petition Pursuant to K.S.A. Chapter 60

### PETITION FOR PERSONAL JURY ARISING FROM PREMISES CONDITIONS

  **COMES NOW** Plaintiff Jeannine L. Olcott by and through undersigned counsel, and for her cause of action against Defendant QuikTrip Corporation states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

  1.  Jeannine L. Olcott (hereinafter "Plaintiff" or "Mrs. Olcott") is an individual who resides in Johnson County, Kansas.

  2.  Defendant QuikTrip Corporation (hereinafter "QT") is an Oklahoma corporation with a principal mailing address of 4705 SO 129th E Avenue, Tulsa, Oklahoma 74134 and is registered to do business in Kansas. Service can be made through QT's resident agent, The Corporation Company, Inc., at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. All causes of action enumerated herein arise from actions and conduct occurring in Johnson County, Kansas.

4. Jurisdiction and venue are proper in this the District Court of Johnson County, Kansas.

## FACTS COMMON TO ALL COUNTS

5. On November 9, 2018, Mrs. Olcott drove her automobile to the QT's store located at 7701 Metcalf Avenue, Overland Park, Johnson County, Kansas 66204 which is owned and operated by QT, and branded as QuikTrip to fill the air in her automobile's tires.

6. Mrs. Olcott was not a trespasser upon QT's premises but an invitee.

7. The QT-designated parking spot where Mrs. Olcott parked her automobile for use of the air compressor was next to the air compressor.

8. Mrs. Olcott proceeded to walk from the driver's side of her automobile to the front of it where the air compressor was located and after extracting the attached and retractable air-compressor hose from the air compressor walked with the hose which she was stretching out along the sidewalk in front of her automobile from the front driver's side of her automobile to the front passenger side of her automobile.

9. Mrs. Olcott pulled the hose to obtain enough slack to fill the tires on the passenger side of her automobile and stepped off the curb adjacent to the sidewalk onto the parking area next to the passenger's side of her automobile.

10. As Mrs. Olcott stepped from the curb next to the sidewalk in front of her automobile onto the parking area along the passenger side of her car, unbeknownst to her, she was confronted with a substantially different height differential and configuration between curb and parking area

than that which she had experienced when stepping from the parking lot onto the curb on the other side of her car due to the existence of a concealed sewer drain at the front of the passenger side of her automobile.

11. As a result of the unexpected height differential and configuration between the curb and parking lot afore described, Mrs. Olcott was caused to turn her ankles and fall as she stepped from the curb to parking lot, resulting in her rolling both ankles, causing her left ankle to be fractured and dislocated, and the right ankle to be sprained.

### COUNT I – PREMISES LIABILITY

12. Plaintiff incorporates herein as though fully set out that stated at Plaintiff's Petition Paragraphs 1 – 11.

13. Defendant QT owed a duty to Mrs. Olcott to exercise reasonable care under the circumstances.

14. Defendant QT's conduct afore described was negligent and the cause of damages sustained by Mrs. Olcott because of the following actions by it:

   a. Defendant QT placed the sewer/storm water drain and/or an air compressor at a location it knew or should have known would create a dangerous and unsafe condition.

   b. QT should not have created the dangerous condition resulting from there being a substantial height differentiation and layout configuration between the top of the curb and parking lot in a parking lot space designated for customers to use the air-compressor.

    c.    QT knew or should have known customers using its air compressor to put air in their tires would not be aware of the danger created by the location of the air compressor in relationship to the storm water drain, or would otherwise be distracted while using the air compressor as QT intended.

    d.    QT failed to provide warning of any kind to the unsafe conditions described in (a) – (c) above.

    e.    Defendant QT failed to remove the storm drain and redesign the parking space for customers who use the air compressor.

    f.    On information and belief, QT has experienced other customer falls because of circumstances like those experienced by Mrs. Olcott as described herein before and/or after her fall and had done nothing to improve its layout or provide warning of the dangerous condition existing at its air compressor location.

15.    Defendant QT's negligence has caused Mrs. Olcott to incur reasonable medical expenses, loss of income, pain, suffering, and disability both to the present time and into the indefinite future to her damage in an amount in excess $75,000.00.

WHEREFORE, Mrs. Olcott prays for judgment in her favor and against Defendant QT, for an amount excess of $75,000.00, for her costs herein incurred, and for other relief this Court deems just and equitable.

### COUNT II – DEFENDANT'S MODE OF OPERATION LIABILITY

**COMES NOW** Plaintiff Jeannine L. Olcott and for Count II of her Cause of Action states as follows:

16. Mrs. Olcott incorporates herein as though fully set out all that's stated in her Petition at Petition Paragraphs 1 – 15.

17. Defendant QT implemented a mode of operation in which patrons serve themselves as it relates to use of QT's air compressor.

18. As a result, Defendant QT had adopted a mode of operation in which dangerous condition[s] regularly occur.

19. Defendant QT failed to use reasonable measures, considering the risks involved, to recognize the dangerous condition and remove it.

20. As a result of QT's failure to remedy its dangerous condition, Mrs. Olcott has been caused to incur reasonable medical expenses, loss of income, pain, suffering and disability both to the present time and into the indefinite future to her damage in an amount in excess of $75,000.00.

**WHEREFORE**, Mrs. Olcott prays for judgement in her favor and against Defendant QuikTrip for $75,000.00, her costs herein incurred, and for other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted,

**ENSZ & JESTER, P.C.**

*[signature]*

CHRISTOPHER M. NAPOLITANO   KS #25499
JAMES H. ENSZ                KS #13040
ISAAC ELYACHARSHUSTER        KS #28011
2121 City Center Square
1100 Main Street
Kansas City, MO  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
E-mails:    jensz@enszjester.com
            cnapolitano@enszjester.com
            ielyacharshuster@enszjester.com
**ATTORNEYS FOR PLAINTIFF**

6

19EF252261

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

JEANNIE L OLCOTT

            Plaintiff

vs

QUIKTRIP CORPORATION

            Defendant

Case No: 19CV05747
Division:  2
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS, PETITION, INTERROGATORIES and REQUEST FOR PRODUCTION in this action for QUIKTRIP CORPORATION whose address for service is:

    112 SW 7TH STREET, SUITE 3C
    TOPEKA, KS 66603

Service through the Sheriff of SHAWNEE County, State of KANSAS

PLEASE SERVE THE PETITION AND PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION. THANK YOU.

By: /s/ CHRISTOPHER M NAPOLITANO
CHRISTOPHER M NAPOLITANO, #25499
1100 MAIN ST, STE 2121
KANSAS CITY, MO 64105
816-474-8010

*Clerk of the District Court, Johnson County Kansas*
*10/25/19  09:22am MM*

33

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

JEANNIE L OLCOTT
        Plaintiff

vs.

QUIKTRIP CORPORATION
        Defendant

Case No: 19CV05747
Division: 2
K.S.A. Chapter 60

SERVE REGISTERED AGENT:
THE CORPORATION COMPANY INC
112 SW 7TH ST STE 3C
TOPEKA KS 66603

## Return of Service

S/P

__✓__ I certify that I have served the following __JO 19 CV 5747__

by delivering a copy of each to __The Corp. Co. Inc.__
__Agent Service - Denise Rookstool__

personally at __112 SW 7TH Ste 3C__
(Address where served)

on __4__ day of __11__, 20__19__ at __9:09AM__ hrs.

____ I certify that I was **NOT** able to personally serve the documents issu[ed]

I hereby certify under penalty of perjury that the foregoing is true and corre[ct]

Executed __11-4-19__
(Date)

__Wayne Beaman 1153__
~~Sheriff/Deputy~~ of Shawnee County, Kansas
P.S.

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2019 NOV 13 AM 8:02