IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEANNIE L. OLCOTT**, | ) |
| Plaintiff, | ) ) ) Case No.   2:19-cv02717 |
| vs. | ) ) |
| **QUIKTRIP CORPORATION,** | ) **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) ) ) |

**DEFENDANT QUIKTRIP CORPORATION'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant QuikTrip Corporation ("QT"), by and through counsel, moves this court to enter partial judgment on the pleadings in QT's favor pursuant to Fed. R. Civ. P. 12(c) as to Count II of Plaintiff's Complaint.[1] (Doc. 1-1, pp. 4-5).  In support of its motion, QT states as follows:

Plaintiff filed this personal injury action against QT alleging that Plaintiff suffered injuries when stepping off a curb near an air compressor and storm drain.  She asserts two causes of action: Premises Liability (based on negligence) (Count I) and "Defendant's Mode of Operation Liability" (Count II).  (Doc. 1-1, pp. 3-5).

Plaintiff alleges that QT negligently placed an air compressor and/or storm drain, that QT should not have created a substantial height differentiation and layout configuration in the curb in this area, that QT knew or should have known of the condition and risks, that QT failed to warn or otherwise remedy the condition, and that QT's negligence was responsible for her injuries. (Doc. 1-1, ¶¶ 14-15).  These are the only alleged dangerous conditions identified.

---

[1] QT refers to Plaintiff's Petition, filed in state court, as a Complaint to comport with federal nomenclature.

Plaintiff does not allege that anyone other than QT created and/or is responsible for the alleged hazardous conditions.

The Mode of Operation rule is not an independent cause of action. It is a limited exception to a plaintiff's proof requirements for negligence claims. Moreover, Plaintiff cannot invoke this rule because she does not contend that any third party created the purported dangerous conditions and because her claim is not premised on QT's mode of operation. It is based on the physical layout and placement of permanent objects on QT's premises.

QT incorporates by reference its Memorandum in Support of this motion.

WHEREFORE, QT respectfully requests this Court grant partial judgment on the pleadings in QT's favor and against Plaintiff regarding Count II and Plaintiff's allegations regarding the "mode of operation" rule, and for such other relief as this Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: */s/ Brian M. Nye*
    Karrie J. Clinkinbeard    KS #19583
    Brian M. Nye    KS #24094
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@atllp.com
    bnye@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION