## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEANNINE L. OLCOTT** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV02717 |
| | ) |
| **QUIKTRIP CORPORATION** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff Jeannine L. Olcott by and through undersigned counsel, and for her cause of action against Defendant QuikTrip Corporation states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jeannine L. Olcott (hereinafter "Plaintiff" or "Mrs. Olcott") is an individual who resides in Johnson County, Kansas.

2. Defendant QuikTrip Corporation (hereinafter "QT") is an Oklahoma corporation with a principal mailing address of 4705 SO 129th E Avenue, Tulsa, Oklahoma 74134 and is registered to do business in Kansas. Service can be made through QT's resident agent, The Corporation Company, Inc., at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. All causes of action enumerated herein arise from actions and conduct occurring in Johnson County, Kansas.

4. Jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL COUNTS

5. On November 9, 2018, Mrs. Olcott drove her automobile to the QT's store located at 7701 Metcalf Avenue, Overland Park, Johnson County, Kansas 66204 which is owned and operated by QT, and branded as QuikTrip to fill the air in her automobile's tires.

6. Mrs. Olcott was not a trespasser upon QT's premises but an invitee.

7. The QT-designated parking spot where Mrs. Olcott parked her automobile for use of the air compressor was next to the air compressor QT provided and intended individuals to use.

8. Mrs. Olcott proceeded to walk from the driver's side of her automobile to the front of it where the air compressor was located and, after extracting the attached and retractable air-compressor hose from the air compressor, walked with the hose which she was stretching out along the sidewalk in front of her automobile from the front driver's side of her automobile to the front passenger side of her automobile.

9. Mrs. Olcott pulled the hose to obtain enough slack to fill the tires on the passenger side of her automobile and stepped off the curb adjacent to the sidewalk onto the parking area next to the passenger's side of her automobile.

10. As Mrs. Olcott stepped from the curb next to the sidewalk in front of her automobile onto the parking area along the passenger side of her car, unbeknownst to her, she was confronted with a substantially different height differential and configuration between the curb and parking area than that which she had experienced when stepping from the parking lot onto the curb on the other side of her car due to the existence of a concealed storm water/sewer drain at the front of the passenger side of her automobile.

11. As a result of the unexpected height differential and configuration of the sidewalk, curb, parking surface, and air compressor, Mrs. Olcott was caused to turn her ankles and fall as she stepped from the curb to parking lot, resulting in her rolling both ankles, causing her left ankle to be fractured and dislocated, and the right ankle to be sprained.

## COUNT I – PREMISES LIABILITY

12. Plaintiff incorporates herein as though fully set out that stated at Plaintiff's Complaint Paragraphs 1 – 11.

13. Defendant QT owed a duty to Mrs. Olcott to exercise reasonable care under the circumstances.

14. Upon information and belief, local ordinance mandated that the height from a parking surface to the top of the curb be between 5.5 and 6 inches—a distance exceeded at the location where Mrs. Olcott stepped off of the sidewalk.

15. Defendant QT provided the self-serve air compressor at a location designated and designed by QT for individuals to use.

16. Upon information and belief, QT anticipated the air compressor and the surrounding physical layout—to include the sidewalk, curb, and retractable hose—would be used in the manner in which Mrs. Olcott used the air compressor and the surrounding physical layout.

17. Defendant QT's failed to use reasonable care under the circumstances, was negligent, and the cause of damages sustained by Mrs. Olcott because of QT's following actions:

    a. QT placed the sewer/storm water drain and/or an air compressor at a location it knew or should have known would create a dangerous and unsafe condition;

b. QT placed the air compressor and designated a parking space for use with the air compressor that contained a storm water drain;

c. QT installed a sidewalk leading from the air compressor to the storm/water sewer drain thereby directing individuals to use the sidewalk and step off of the sidewalk above the storm water/sewer drain;

d. QT employed a retractable hose so as to distract the patron/individuals while traversing the sidewalk and storm water/sewer drain;

e. QT created a dangerous condition resulting from there being a substantial height differentiation and layout configuration between the top of the curb and parking lot in a parking lot space designated for customers to use the air-compressor.

f. QT knew or should have known customers using its air compressor to put air in their tires would not be aware of the danger created by the location of the air compressor in relationship to the storm water drain, or would otherwise be distracted while using the air compressor as QT intended.

g. QT failed to provide warning of any kind to the unsafe conditions described in (a) – (f) above.

h. QT failed to remove the storm drain and redesign the parking space for customers who use the air compressor.

i. On information and belief, QT has experienced other customer falls because of circumstances like those experienced by Mrs. Olcott as described herein before

and/or after her fall and had done nothing to improve its layout or provide warning of the dangerous condition existing at its air compressor location.

18. QT's negligence has caused Mrs. Olcott to incur reasonable medical expenses, loss of income, pain, suffering, and disability both to the present time and into the indefinite future to her damage in an amount in excess $75,000.00.

19. Upon information and belief, and given QT's prior knowledge and/or creation of the dangerous condition, its failure to remediate the condition, its intended use of the air compressor, the air compressor's location selected by QT, along with other factors, QT acted willfully, wantonly, maliciously, and with reckless indifference to Plaintiff entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff Mrs. Olcott prays for judgment in her favor and against Defendant QT and award Plaintiff an amount excess of $75,000.00 for her actual damages, compensatory damages, and punitive damages, including but not limited to past, present and future medical expenses; past, present, and future physical disability; lost wages; pain and suffering; and emotional distress; and for her costs herein incurred, and for other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted,

**ENSZ & JESTER, P.C.**


/s/ Chris Napolitano
CHRISTOPHER M. NAPOLITANO  KS #25499
JAMES H. ENSZ                KS #13040
2121 City Center Square
1100 Main Street
Kansas City, MO  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
E-mails:    jensz@enszjester.com
            cnapolitano@enszjester.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2020, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

KARRIE J. CLINKINBEARD     KS #19583
BRIAN M. NYE               KS #24094
ARMSTRONG TEASDALE LLP
2345 Grand Blvd, Suite 1500
Kansas City, Missouri 64108-2617
Telephone:   816.221.3420
Facsimile:   816.0786
E-mail(s):   kclinkinbeard@atllp.com
             bnye@atllp.com

**ATTORNEYS FOR DEFENDANT**


/s/ Chris Napolitano
**ATTORNEYS FOR PLAINTIFF**